CLYDE & CO US LLP
Alison K. Beanum, State
Bar No. 221968
*alison.beanum@clydeco.us*
Veena A. Mitchell, State
Bar No. 161153
*veena.mitchell@clydeco.us*
Kirsten Soto, State Bar No.
332821
*kirsten.soto@clydeco.us*
355 S. Grand Avenue, 14th
Floor
Los Angeles, CA 90071
Telephone: (213) 358-7600
Facsimile:  (213) 358-7650

Attorneys for Defendant
TREND HUNTER INC.

John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
Christopher S. Skinner (Bar No. 342830)
Email: cskinner@onellp.com
ONE LLP
23 Corporate Plaza Drive
Suite 150
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
AUGUST Image, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> TREND HUNTER INC., a Canadian corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:22-cv-07120-DMG-MAA <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br> Complaint filed: September 30, 2022 |

IT IS HEREBY STIPULATED pursuant to Fed. R. Civ. P. 26(c) by and between Plaintiff August Image, LLC ("Plaintiff") and Defendant Trend Hunter Inc. ("Defendant") (individually, a "Party," or collectively, "Parties") that a Protective Order ("Order" or "Stipulated Protective Order") may be entered by the Court in this action as follows:

/ / /

/ / /

## 1.     PURPOSES AND LIMITATIONS

The Parties acknowledge that discovery in this action is likely to involve production of confidential, proprietary, trade secret, personal, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c), Civil Local Rule 79-5, and all other applicable local laws and rules.  The Parties seek to facilitate the orderly and efficient disclosure of relevant information, and to minimize the potential for unauthorized disclosure of confidential information. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal;
Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal

## 2.     **GOOD CAUSE STATEMENT**

Counsel for Plaintiff and Defendant have conferred on the issue of disclosure of certain information relevant to the claims and defenses in this action.  The Parties agree that both sides will likely propound, and have propounded discovery seeking information and documents related to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, personal, private, and/or proprietary information belonging to the Parties or non-parties to this action for which special protection from public disclosure and from use for any purpose other than prosecution, defense, or resolution of this action is

warranted. Such confidential and proprietary materials and information may consist of, without limitation, trade secrets, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.  **DEFINITIONS**

3.1. <u>Action</u>:  The above-titled lawsuit pending in the United States District Court in the Central District of California, Case No. 2:22-cv-07120.

3.2. <u>Challenging Party</u>: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3. <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4. <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5. <u>Designating Party</u>: A Party or Nonparty that designates information or items that are or have been exchanged or produced in disclosures or in responses to discovery, or otherwise, as "CONFIDENTIAL" or "HIGHLY COFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter, other requests for documentation, or other exchanges or submissions in this action.

3.7. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. This definition includes any professional jury or trial consultant retained in connection with this litigation.  An expert for purposes of this Stipulated Protective Order shall not include anyone who is a current employee of an opposing Party.

3.8. <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>: Extremely sensitive confidential documents and/or communications, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.9. <u>In-House Counsel</u>: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10. <u>Nonparty</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff (this also includes independent companies or agencies that Outside Counsel of Record directly retains on behalf of a Party to perform litigation support services, including for example stenographic or videographic services).

3.12. <u>Party</u>: Any Party to this Action (including any Party(ies) added after the date of this Stipulated Protective Order or its entry by the Court), including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.13. <u>Producing Party</u>: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.14. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   <u>SCOPE</u>**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  Nothing in this Order shall be construed to require disclosure of documents, information, or any materials that are subject to applicable privileges or immunities that are, or may claim to be, otherwise beyond the scope of permissible discovery.  Nothing herein shall be construed as an admission by any Party that any Protected Material constitutes relevant, material, or admissible evidence in this Action. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**4.   DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.   DESIGNATING PROTECTED MATERIAL**

6.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the

material, documents, items, or communications for which protection is
not warranted are not swept unjustifiably within the ambit of this
Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.
Designations that are shown to be clearly unjustified or that have been
made for an improper purpose (*e.g.*, to unnecessarily encumber the
case development process or to impose unnecessary expenses and
burdens on other parties) may expose the Designating Party to
sanctions.

6.2. <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Stipulated Protective Order
(*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered,
Disclosure or Discovery Material that qualifies for protection under this
Stipulated Protective Order must be clearly so designated before the
material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order
requires the following:

(a)    For information in documentary form (*e.g.*, paper or electronic
documents, but excluding transcripts of depositions or other
pretrial or trial proceedings),

(i)  Documents Produced in Image, PDF, or hardcopy
form ("Image").  The Designating Party shall place on
each page one of the following legends:
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY."  The legend shall not
obscure any content of the original document.  Any
person making a copy of the image, if authorized under

1      this Order, shall ensure that the same legend shows on the

2      copy.

3      (ii)  Documents Produced in Native Format ("native

4      file").  A Designating Party shall rename each native file

5      to include, at the end of the file name and prior to the file

6      extension, the following language: "CONFIDENTIAL" or

7      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8      ONLY."  Any person making any copy of the native file,

9      if authorized under this Order, shall not rename the file to

10     remove the confidentiality legend.

11     (b)   For testimony given in depositions or other pre-trial proceedings,

12     the Designating Party may designate protected information

13     disclosed on the record, including testimony and exhibits, as

14     "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15     ATTORNEYS' EYES ONLY" and request the preparation of a

16     separate transcript of such material.  Such separate transcript shall

17     include both deposition testimony and exhibits so designated.  In

18     addition, deposition transcripts (including rough transcripts) and

19     exhibits shall be deemed CONFIDENTIAL for thirty (30) days

20     after the Parties' receipt of the final transcript from the court

21     reporter (for avoidance of doubt, "final transcript" as used herein

22     does not mean the "certified" transcript after the witness has had

23     the opportunity to provide his or her errata).  A Designating Party

24     may designate in writing, within thirty (30) days after receipt of

25     any final deposition transcript in the Action, the specific pages of

26     the transcript and exhibits to be treated as "CONFIDENTIAL" or

27     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

28     The Designating Party shall then be responsible to notify the

Court Reporter, and the Court Reporter shall provide a separate transcript which shall include both deposition testimony and exhibits so designated.

       Unless otherwise agreed by the Parties and any Non-Party making a pertinent designation under this Order, transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party offering or sponsoring the witness or presenting the testimony.

(c)    For information contained in responses to written discovery, the Designating Party may designate information exchanged in disclosures or in response(s) to written discovery requests (including subpoenas) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so indicating in a prominent manner (i) on the caption page of said responses (identifying specific responses being so designated), (ii) on each page of any documents produced with such responses, and/or (iii) as otherwise provided in Paragraph 5.2 above.  In addition, a Designating Party may designate in writing, within thirty (30) days after receipt of a Non-Party's responses to written discovery requests, the specific responses, documents, and/or other information to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.3.    Protected Material Disclosed by a Non-Party

      After a Non-Party makes disclosures in this proceeding, the entire disclosure shall be treated under this Order as Protected Material for

the first 14 days immediately after the disclosure.  Within that 14-day period, the Non-Party or a Party in this action may notify all other Parties that all or specific portions of the disclosure is being designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Thereafter, any portions so designated, as well as any documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production or during the 14-day period after production, shall remain so designated subject to this Order.

In addition, in the event that the timing of a Non-Party's disclosure(s) is such that the restrictions during the initial 14-day time period may prevent a Party from adequately preparing for any filing, proceeding, or other formal obligation in this matter (including, without limitation, a deposition or other discovery proceeding), the Parties will meet and confer in good faith to provide additional time for the affected Party as needed to avoid any potential prejudice from the initial 14-day period after a Non-Party's disclosure.

6.4.  Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a missing or incorrect designation, the Receiving Party, on notification of designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. This provision shall not be construed to be a derogation of the

obligations or protections under Federal Rule of Civil Procedure 26(b)(5) nor Federal Rule of Evidence 502.

**7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1. <u>Timing of Challenges</u>.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2. <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

7.3. <u>Burden of Persuasion</u>.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.     ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1. <u>Basic Principles</u>.

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to Court and its employees or other staff and to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2. Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   The Court and its personnel;

(e)   Court reporters and their staff;

(f)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph

7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Designated House Counsel is involved, or may become involved, in any competitive decision-making.

(b)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(c)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 5 business of delivering the request, the Party receives a written

objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(d)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within two business days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(e)    In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.4    <u>Pleadings, Motion Papers, and Written Discovery</u>

The Parties shall comply with all of the requirements contained in L.R. 79-5 prior to including any material that another party has designated as Protected Material in pleadings, motion papers (written motions, affidavits, and briefs), written discovery papers (requests and responses), or any other public documents/submissions

8.5.    Required Handling of Protected Material

(a)    Protected Material shall not be disclosed to anyone for any purpose other than as required for the preparation of trial or any appeal or resolution in this action, and, in that limited context, shall be disclosed only to Qualified Persons as set out above.  Protected Material shall not be used for any business, personal, competitive or other purpose not strictly related to the prosecution, defense, or resolution of this Action.  In addition, Protected Material in native format may be copied solely (a) for use in a litigation-support application or (b) as mutually agreed upon by the Parties.

(b)    Each Party and its Counsel, and each Qualified Person identified in paragraph 7.3 (other than the Court), including any person or entity acting on behalf of, or for the benefit of, that Qualified Person, (i) shall not permit or enable unauthorized dissemination of Protected Material to anyone; and (ii) shall take all necessary and prudent measures to preserve the security of Protected Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Protected Material is stored or through which it is transmitted.

(c)    If Protected Material is disclosed in a manner not authorized by this Order, or if an attempt is made to hack or otherwise gain unauthorized access to a system containing Protected Material (jointly, "unauthorized actions"), each Party or Qualified Person with knowledge of the unauthorized actions immediately shall take necessary and prudent remedial measures to prevent their reoccurrence and promptly shall inform the Designating Party of such remedial measures and of all facts relating to the unauthorized actions, including identification of all Protected Material disclosed.

(d)    Nothing in this Order shall limit any Designating Party's use of its own documents and information, including disclosure of its own

Protected Material, to any person for any purpose, in this action or otherwise. Such disclosure shall not affect any designations made pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Receiving Party must:

(a)      Promptly notify in writing the Designating Party (via email and USPS First Class Mail). Such notification shall include a copy of the subpoena or court order, the identification of the Protected Material(s) which the Receiving Party believes to be implicated by the subpoena or order, and identification of the basis or bases by which the Receiving Party believes that the identified Protected Material(s) is subject to disclosure;

(b)      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.  A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1. Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2. Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)     Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)     Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s),

and a reasonably specific description of the information
requested; and

(c)     Make the information requested available for inspection by the
Nonparty, if requested.

10.3. <u>Conditions of Production</u>.

If the Nonparty fails to seek a protective order from this Court
within fourteen (14) days after receiving the notice and accompanying
information, the Receiving Party may produce the Nonparty's
confidential information responsive to the discovery request. If the
Nonparty timely seeks a protective order, the Receiving Party shall
not produce any information in its possession or control that is subject
to the confidentiality agreement with the Nonparty before a
determination by the Court. Absent a court order to the contrary, the
Nonparty shall bear the burden and expense of seeking protection in
this Court of its Protected Material.

**11.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
Protected Material to any person or in any circumstance not authorized under this
Stipulated Protective Order, the Receiving Party immediately must (1) notify in
writing the Designating Party of the unauthorized disclosures, (2) use its best efforts
to retrieve all unauthorized copies of the Protected Material, (3) inform the person or
persons to whom unauthorized disclosures were made of all the terms of this
Stipulated Protective Order, and (4) request such person or persons return and/or
destroy **all** copies of all materials so disclosed and certify that such return and/or
destruction has taken place.

**12.     <u>INADVERTENT PRODCTION OF PRIVILEGED OR OTHERWISE</u>**
          **<u>PROTECTED MATERIAL</u>**

The production of information protected by the attorney-client privilege, work product doctrine, or any other privilege or protection from disclosure is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  If information is produced in discovery that is subject to a claim of privilege or of protection as a trial-preparation material, the party making the claim may notify any party that receiving such information of such claim and the basis for it.  After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence ("FRE") 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

If the Receiving Party receives documents, ESI, or other forms of information from the Producing Party that, upon inspection or review, appear in any respect to contain or constitute potentially privileged information, the Receiving Party shall immediately stop review of such information, shall not distribute it further even amongst the Party's own case team except as strictly necessary to confirm the privileged nature of its contents, promptly sequester the potentially privileged information, and immediately identify the potentially privileged information to the Producing Party.

The Receiving Party may object to the Producing Party's designation of disclosed information as privileged material by providing written notice of such objection within seven days of its receipt of a written demand for the return of the disclosed privileged material.  The Parties will strictly comply with Local Rules 37-1 and 37-2 in connection with any dispute regarding the designation of information as privileged material.  If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court after an in camera review of the disclosed privileged material.  However, the Receiving Party agrees not to argue in connection with a dispute over privileged material that the information may not have been reviewed by the Producing Party prior to its disclosure or that the Producing Party did not take reasonable steps to prevent disclosure.  Pending resolution of any such dispute by the Court, the Receiving Party shall not review and shall not use the disclosed privileged material in any respect.

This Order shall be interpreted to provide the maximum protection allowed by FRE 502(d).  In addition, any document or information that is disclosed in accordance with a court order pursuant to FRE 502(d) shall automatically be treated as "CONFIDENTIAL" even if not expressly marked, unless the disclosing or Producing Party affirmatively indicates that certain specified material is not "CONFIDENTIAL."  FRE 502(b) is inapplicable to any disclosed privileged material. Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review and segregation for withholding from production documents, ESI or other information (including metadata) based on the lack of relevance or responsiveness, or the existence of a privilege or other protection from disclosure.

**13.**   **MISCELLANEOUS**

13.1. Right to Further Relief.

All Parties reserve the right to seek modification of this Order at any time for good cause, including obtaining appropriate orders for deponents who refuse to sign the attached Certification.  The Parties agree to meet and confer prior to seeking to modify this Order for any reason.  The restrictions imposed by this Order may only be modified or terminated by written stipulation of all Parties or by order of the Court.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future or to petition the Court for a further protective order relating to any purportedly confidential information.  Nothing in this Order shall prevent any Party from seeking additional Protective Orders or other appropriate relief with respect to the scope of discovery and/or any discovery requests, depositions, and/or portions thereof that such Party believes to be inappropriate, harassing, or otherwise impermissible under applicable law.

13.2. Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object, on any ground, to use in evidence of any Protected Material.

13.3. Filing Protected Material.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must

comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 14.   **COMPLIANCE WITH ORDER**

A Party's compliance with the obligations imposed on it by this Order, including any obligations concerning the treatment of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be deemed an admission by the complying Party or otherwise be evidence that the information so designated is in fact confidential, proprietary, trade secret, or private information.  Nor shall such compliance be deemed a waiver of the complying Party's right to challenge the Designating Party's designation of Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

## 15.   **SURVIVAL OF OBLIGATIONS**

The Parties' obligations as to all Protected Material survive the termination of the Action and remain subject to the terms of this Stipulated Protective Order. As used in this subdivision, all "Protected Material" includes all copies, abstracts, compilations summaries, or any other form of reproducing or capturing any of the Protected Material.

Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to the terms of this Stipulated Protective Order.

1    Any violation of this Stipulated Order may be punished by any and all

2    appropriate measures including, without limitation, contempt proceedings and/or

3    monetary sanctions.

4    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

5    Dated:  April 27, 2023              Respectfully submitted,

6                                        CLYDE & CO US LLP

7

8

9                                        By:   /s/ *Alison K. Beanum*

10                                            Alison K. Beanum
                                             Veena A. Mitchell

11                                           Kirsten Soto

12                                           Attorneys for Defendant
                                             TREND HUNTER INC.

13

14   Dated:  April 27, 2023              Respectfully submitted,

15                                        ONE LLP

16

17

18                                       By:   /s/ *Christopher S. Skinner*
                                             John Tehranian

19                                           Christopher S. Skinner

20                                           Attorneys for Plaintiff
                                             AUGUST IMAGE, LLC

21

22                   **Attestation Under L.R. 5-4.3.4(a)(2)(i)**

23        Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories

24   listed, and on whose behalf the filing is submitted, concur in the filing's content, and

25   have authorized the filing.

26

27

28

By: /s/ *Alison K. Beanum*

Alison K. Beanum
Attorney for Defendant
TREND HUNTER INC.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: September 14, 2023

_____
Maria A. Audero
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____

[date] in the case of _____

[case name and number]. I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order, and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Stipulated

Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [full name]

of _____[address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____